UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BERRINGER,<br><br>                                        Petitioner,<br><br>              vs.<br><br>GEORGE NEOTTI, Warden, et al.,<br><br>                                        Respondents. | Civil No.   11-1406 LAB (BGS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR FAILURE TO STATE A COGNIZ-ABLE CLAIM ON HABEAS CORPUS** |

On June 23, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not filed a request to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Petitioner details his history of mental illness, drug abuse, and incarceration, but does not challenge the validity of his state court conviction. (*See* Pet. at 6-9.) Petitioner has attached a 602 form from the prison in which he is incarcerated, however, which alleges that prison officials are interfering with his medical

1  treatment and are not acknowledging or treating his suicidal tendencies. (Pet. at 12.) He asks
2  "to be placed in a state mental hospital as soon as possible." (*Id.*)

3  Challenges to the fact or duration of confinement are brought by petition for a writ of
4  habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are
5  brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S.
6  475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his
7  physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate
8  release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas
9  corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner
10 who is making a constitutional challenge to the conditions of his prison life, but not to the fact
11 or length of his custody. *Id.* at 499.

12 Petitioner's claims are not cognizable on habeas because they do not challenge the
13 constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at
14 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral
15 attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).
16 In no way does Petitioner claim his state court conviction violates the Constitution or laws or
17 treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for
18 summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
19 any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4,
20 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled
21 to federal habeas relief because he has not alleged that the state court violated his federal rights.
22 It appears that Petitioner challenges the conditions of his prison life, but not the fact or length
23 of his custody.

### CONCLUSION

25 For the foregoing reasons, the Court **DISMISSES** the petition without prejudice. If
26 Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights
27 action pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis, which
28 will be given a new civil case number. ***The Clerk of Court is directed to mail Petitioner a***

1 | *blank motion to proceed in forma pauperis form and a blank Civil Rights Complaint Pursuant*
2 | *to 42 U.S.C. § 1983 form together with a copy of this Order.*
3 |     **IT IS SO ORDERED.**
4 | DATED: June 28, 2011

                                                           */s/ Larry A. Burns*

                                  **HONORABLE LARRY ALAN BURNS**
                                  United States District Judge